Herschel M. and Mary C. Hays v. Commissioner.
Hays v. Commissioner
Docket No. 3887-63.
United States Tax Court
T.C. Memo 1965-213; 1965 Tax Ct. Memo LEXIS 117; 24 T.C.M. (CCH) 1103; T.C.M. (RIA) 65213; August 9, 1965
Herschel M. Hays, pro se, 1607 S.E. 13th St., Ft. Lauderdale, Fla. Marshall H. Barkin, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined deficiencies in petitioners' income tax for the years and in the amounts as follows: Year
Amount
1959
$828.43
1960
539.95
The issues presented for our decision *118 involve the correctness of the respondent's action in determining that (1) the depreciable basis of certain rental property held by petitioners during 1959 was $4,000; (2) the estimated useful lives assigned by petitioners to four parcels of depreciable rental property were unreasonable and should be corrected as indicated by the notice of deficiency; (3) the petitioners are not entitled to deduct any depreciation on four parcels of rental property sold by them in 1959 since the amounts realized from the sale thereof exceeded the adjusted basis of the properties at the beginning of the year; and (4) petitioners are not entitled to any deduction in 1960 for losses claimed to have arisen from defaults on the part of a savings and loan association which held certain of their deposits. Additional issues presented by the pleadings have been disposed of by agreement of the parties. General Findings of Fact Petitioners Herschel M. Hays and Mary C. Hays are husband and wife. During 1959 the petitioners resided in Hermosa Beach, California, and filed a joint Federal income tax return for that year with the director at Los Angeles, California. During 1960 they resided in Fort Lauderdale, *119 Florida, and filed their joint Federal income tax return for that year with the director at Jacksonville, Florida. Petitioner Herschel M. Hays hereinafter sometimes will be referred to as petitioner. Petitioner during the years in question was an electrical engineer and a reserve officer in the United States Army. Prior to the years herein involved, he had acquired rental property located in southern California. At sometime during the years herein involved the petitioners decided to move to Florida and sold several of those properties during the years 1959 and 1960. Issues 1, 2, and 3. Depreciation Deduction Findings of Fact On their income tax returns for 1959 and 1960, petitioners computed their deductions for depreciation on the indicated properties in the following manner: Useful
Date ac-
Cost or
Method of de-
life
Property
quired
Basis
preciation
(years)
829 Avenue A
7/55
$ 6,400
Straight line
12
201 Sirenas
5/56
21,000
Straight line
15
5132 Merrill
8/56
12,000
Straight line
14
21306 Kent
5/57
15,000
Straight line
14
163 E. 208th St.
1/57
7,000
Straight line
12
230 Bayview (1/2 duplex)
1/58
4,750
Straight line
10
654 Second St.
9/58
5,000
Straight line
5
2634 Strand
4/59
40,000
Straight line
10
Total
*120 Depre-
Depre-
ciation
ciation
claimed
claimed
Year of
Property
1959
1960
sale
829 Avenue A
$ 533
$ 267
1960
201 Sirenas
1,400
1959
5132 Merrill
428
1959
(1/2 year)
21306 Kent
$ 535
1959
(1/2 year)
163 E. 208th St.
580
$ 580
1960
230 Bayview (1/2 duplex)
475
475
1961
654 Second St.
200
1959
(1/4 year)
2634 Strand
3,000
2,000
1960
(3/4 year)
Total
$7,151
$3,322
In his statutory notice of deficiency the respondent determined that the properties located at 201 Sirenas, 5132 Merrill, 21306 Kent, and 654 Second Street were not entitled to any depreciation for the year 1959 inasmuch as said properties were sold in that year with allowable depreciation being limited to the amount, if any, by which the adjusted basis of the asset at the beginning of the year exceeds the amount realized from the sale or exchange. A detailed explanation of the respondent's adjustments with respect to the depreciation deductions claimed by petitioners on their income tax returns for 1959 and 1960 and the Commissioner's computation of the gain realized from the sale of their rental properties during those years is as follows: *121 Depreciat
ion
allowed
Cost
or al-
Basis
Date ac-
less
low-
as of
Property
quired
land
able
1-1-59
829 Avenue A
7/55
$ 4,000
$1,866
$ 2,134
201 Sirenas
5/56
21,000
3,500
17,500
5132 Merrill
8/56
12,000
2,140
9,860
21306 Kent
5/57
15,000
1,605
13,395
163 E. 208th St.
1/57
7,000
1,160
5,840
1/2 Duplex
1/58
4,750
475
4,275
654 2nd Street
9/58
5,000
200
4,800
2634 Strand
4/59
40,000
40,000
As corrected
Claimed
Adjustment
Remain-
ing
life
Corrected
Basis
Corrected
Date
deprecia-
as of
deprecia-
Property
Yrs.
sold
tion 1959
1-1-60
tion 1960
829 Avenue A
26
'60
$ 82.08
$ 2,051.92
201 Sirenas
'59
5132 Merrill
'59
21306 Kent
'59
163 E. 208th St.
28
'60
208.57
5,631.43
1/2 Duplex
27
'61
158.33
4,116.67
$ 158.33
654 2nd Street
'59
2634 Strand
'60
3,000.00
37,000.00
As corrected
$3,448.98
$ 158.33
Claimed
(7,151.00)
(3,322.00)
Adjustment
$3,702.02
$3,163.67
SHORT-TERM CAPITAL GAIN (1959)
Gross
Depreciation
Date ac-
Date
sales
allowed or
Property
quired
sold
price
allowable
654 2nd Street
10-24-58
3-26-59
$ 8,306
$ 400.00
LONG-TERM CAPITAL GAIN (1959)
1212 E. 88th St.
12/57
8/59
$ 7,900
$ 800.00
201 Sirenas
5/56
12/59
28,500
3,500.00
5132 Merrill
8/56
7/59
17,600
2,140.00
21306 Kent
5/57
7/59
17,700
1,605.00
LONG-TERM CAPITAL GAIN (1960)
163 E. 208th St.
1/57
12/60
$ 8,361
$1,368.57
829 Avenue A
7/55
7/60
9,495
1,948.08
2634 Strand
3/59
6/60
68,795
3,000.00
*122 SHORT-TERM CAPITAL GAIN (1959)
Expense
Gain or
Property
Cost
of sale
(loss)
654 2nd Street
$ 6,755
$ 135
$ 178.00
LONG-TERM CAPITAL GAIN (1959)
1212 E. 88th St.
$10,500
($1,800.00)
201 Sirenas
22,950
$1,754
7,296.00
5132 Merrill
15,194
814
3,732.00
21306 Kent
16,635
2,670.00
LONG-TERM CAPITAL GAIN (1960)
163 E. 208th St.
$ 8,795
$ 934.57
829 Avenue A
6,266
$ 250
4,927.08
2634 Strand
60,583
3,044
8,168.00
Opinion The respondent has determined that the proper useful lives to be assigned petitioners' rental properties described in their income tax returns and the stipulation of facts as 829 Avenue A, 163 E. 208th Street, and 230 Bayview are 26 years, 28 years, and 27 years respectively. He also determined that the depreciable basis of the property listed as 829 Avenue A is $4,000, with $2,466 of the total purchase price properly allocable to the cost of the land. On brief, the petitioners contend that a reasonable estimate of the useful lives of the three above-described properties should not exceed 15 years. They also contend that the proper basis for computing the depreciation on the 829 Avenue A property *123 is $6,400, with only $66 of the purchase price allocable to the cost of the land. Although petitioners on brief have described the type of construction employed in these properties and have indicated their experience in maintaining and repairing the buildings in question, they have introduced no proof in the record which would suggest that the respondent's determinations of estimated useful life were erroneous. Similarly, the petitioners have failed by clear and convincing evidence to establish error in the respondent's determination concerning the depreciable basis of the property known as 829 Avenue A. In view of the absence of record evidence supporting petitioners' position, we must leave the parties where we find them and the respondent's determinations as to the proper basis and estimated useful lives to be employed in computing depreciation on the rental properties involved must be sustained. The remaining question relating to the propriety of the deduction for depreciation on petitioners' rental properties is whether or not they are entitled to deduct any depreciation below the resale price for the year of sale. The respondent has not questioned either the useful lives *124 or the salvage values [1] employed by petitioners in computing the deductions for depreciation on the properties sold during 1959. It is clear from the stipulation of the parties, as well as from the statement of the respondent's counsel at the trial and his contentions on brief, that respondent's determination that no depreciation is deductible for 1959 with respect to the properties sold in that year is based solely on the ground that as a matter of law no depreciation may be claimed in the year of sale where the sale proceeds exceed in amount the adjusted basis of the property at the beginning of the year of sale. In Macabe Co., 42 T.C. 1105, on appeal (C.A. 9, Feb. 12, 1965), we resolved the question of law here involved, holding that the depreciation deduction may not be disallowed in the year of the sale of depreciable assets merely because the amount received upon the disposition thereof exceeds the adjusted basis of the property at the beginning of the year. We are of the opinion that the situation *125 here falls squarely within our decision in Macabe Co., supra, and we consequently hold that petitioners are entitled to deduct depreciation for 1959 on the properties sold in that year. Inasmuch as the parties are in agreement that none of the components of the depreciation deduction were incorrectly computed on the properties disposed of in 1959, no question of fact is here presented and we do not reach the respondent's alternative contention that it is incumbent upon petitioners to establish as a matter of fact the reasonableness of their estimated useful lives and salvage values with respect to those properties. Holder Driv-Ur-Self, Inc., 43 T.C. 202. Issue 4. Default on Savings Accounts Deposits Findings of Fact On January 13, 1960, petitioner opened an account with the First Fidelity Savings and Loan Association, Baltimore, Maryland, in the name of "H. M. Hays." The account was assigned Account No. 59285 by the association. The following schedule reflects the transactions in that account prior to January 1, 1961, as taken from the passbook: Savings
With-
Date
Memo
Payment
drawal
Balance
1- 3-60
Ck
$5,000.00
$5,000.00
3-17-60
Ck
$2,925.00
2,075.00
Jun 60
Div
34.58
2,109.58
9-19-60
Ck
1,231.00
3,340.58
*126 No further deposits were made in the account and the last balance of the passbook is $3,689.11 as of January 2, 1962. The difference between $3,340.58 and $3,689.11 represents dividend accruals during the period January 1, 1961, through January 2, 1962. On July 20, 1960, petitioner opened an account with the First Fidelity Savings and Loan Association, Baltimore, Maryland, in the name of "H. M. Hays, Trustee for Holly Hays." Holly Hays is petitioners' daughter. The account was assigned Account No. 60530 by the Association. The following schedule [2] reflects the transactions in that account prior to January 1, 1961, as taken from the passbook: Savings
With-
Date
Memo
Payment
drawal
Balance
7-27-60
Ck
$2,500.00
$2,500.00
7-18-61
DV 22A
62.50
2,562.50
7-18-61
DV 22A
64.05
2,626.55
7-18-61
M 22A
100.00
2,726.55
12-26-61
M 22A
2,944.04
5,670.59
1- 2-62
DV 22A
80.42
5,751.01
*127 The balance in the account as of December 31, 1960, was $2,500. The petitioners first became apprised of a possible loss in the two savings accounts when they received notification of the appointment of a conservator and the freezing of the accounts which was by letter to them dated June 2, 1962. The petitioner has no reason to believe that he could not have withdrawn all the moneys on deposit in 1960 on any day up to and including the last day of business in that year. On June 17, 1964, petitioner received an initial distribution of 13 percent of the balances on deposit with the association as of the date of distribution. These amounts are as follows: Account
Amount of
No.
Balance
distribution
59285
$3,689.11
$479.58
60530
5,751.01
747.63
Opinion By an amendment to their petition the petitioners have claimed a deduction for 1960 in the amount of $4,950 which they allege represents a loss arising in that year from the fraudulent appropriation of two savings accounts deposits by the officers of a savings and loan association. The respondent contends that petitioners are not entitled to claim such a deduction because no loss was shown to have *128 arisen in 1960, nor was any discovered in that year. We agree with the respondent. Petitioners have not indicated the statutory basis for their contention. If they are contending that the item in question constituted a theft loss deductible under section 165(e) of the Internal Revenue Code of 1954, [3] it is incumbent upon them to show that in 1960 they discovered a "loss arising from theft." There is a total absence from the record of any evidence tending to show that petitioners became aware of any such loss during 1960. If, on the other hand, it is petitioners' claim that they suffered a loss from a nonbusiness bad debt [4] in 1960, they likewise have failed to establish the worthlessness of any indebtedness during that year. The transaction by which they deposited funds with the First Fidelity Savings and Loan Association unquestionably created a debtor-creditor relationship. Richard M. Drachman, 23 T.C. 558; Eastern New Jersey Power Co., 37 B.T.A. 1037. *129 Thus any loss arising out of defaults on the part of the debtor (savings and loan association) would appear to be a worthless nonbusiness debt under section 166(d)(1)(B) of the Code. The total of the balances in both accounts as of December 31, 1960, amounted to $5,840.58. Of this amount, approximately 84 percent, or $4,950, was claimed by petitioners as a loss for 1960. Petitioner Herschel Hays has stipulated that he has "no reason to believe that he could not have withdrawn all the monies on deposit in 1960 on any day up to and including the last day of business in that year." Further, on March 17, 1960, petitioner in fact did withdraw $2,925 from one of his savings and loan accounts. Because of the complete lack of record evidence tending to indicate the worthlessness of the savings and loan *130 deposits of petitioner Herschel Hays in 1960, we hold that the petitioners are not entitled to deduct the loss claimed by them for that year. The respondent's determination is sustained. Decision will be entered under Rule 50. Footnotes
1. From the computation of their deductions for depreciation as shown by petitioners' income tax return for 1959 it appears that they utilized salvage values of zero.↩
2. The parties have stipulated that the above schedule reflects transactions "in that account prior to January 1, 1961, as taken from the pass book." The inclusion of entries reflecting transactions occurring in 1961 and 1962 is not explained.↩
3. SEC. 165. LOSSES. * * *
(e) Theft Losses. - For purposes of subsection (a), any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss.↩
4. SEC 166. BAD DEBTS. * * *
(d) Nonbusiness Debts. - (1) General Rule. - In the case of a taxpayer other than a corporation - * * *
(B) where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months.↩